UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JEFFREY ALLEN KIMBROUGH,

        Plaintiff,                        Case No. 1:08-cv-624

v.                                         Honorable Robert Holmes Bell

CAROL HOWES et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff currently is on parole but was incarcerated at the Florence Crane Correctional Facility (ACF) at the time of the events giving rise to his complaint. Plaintiff sues the following ACF employees: Warden Carol Howes, Deputy Warden (unknown) Klee, Assistant Resident Unit Manager (unknown) Scheidler, Nurse (unknown) Babick, Case Worker (unknown) Barrett and Physician Assistant Margaret Quelette.

In his amended complaint (docket #7), Plaintiff claims that after his transfer to ACF, he notified Defendants Babick, Scheidler and Barrett that he had a bottom bunk detail at his previous facility because he had fallen once from the top bunk. Plaintiff claims that Defendants told him that they did not honor special accommodations issued at other facilities. Sometime later, Plaintiff had a bad nightmare caused by his medication and fell out of the top bunk, landing on his head, back and neck. Plaintiff claims that he was knocked unconscious. When he awoke, his vision was blurred and he was losing feeling in his left arm and hand. Plaintiff was taken to the hospital for medical treatment. Plaintiff alleges that he still experiences some numbness and tingling in his arm and fingers and low back pain as a result of the fall. Plaintiff claims that Defendants' failure to provide him with a special accommodation for a bottom bunk resulted in his fall and resulting injuries. For relief, he seeks damages of two million dollars from each of the Defendants.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Warden Howes and Deputy Warden Klee, other than his claim that Defendant Howes hired the staff and medical providers at the facility. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575-76; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has failed to demonstrate that Defendants Howes and Klee engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

In addition, Plaintiff fails to make any specific factual allegations against Defendant Quelette. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See*

*Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Quelette in the body of the amended complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Defendant Quelette should be dismissed from this action.

Plaintiff's allegation that the remaining Defendants failed to provide him with a special accommodation for a bottom bunk implicates the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison

official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation. *Id.* at 835-36. Rather, deliberate indifference can best be compared to criminal law's "subjective recklessness." *Id.* at 839-40; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Here, Plaintiff has alleged no more than negligence. Defendants' failure to issue a special accommodation based upon Plaintiff's one previous fall from a top bunk at another facility

simply does not rise to the level of criminal recklessness.  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.  Thus, while Plaintiff's fall from the top bunk was unfortunate, he fails to state a Eighth Amendment claim against Defendants Babick, Scheidler and Barrett.

### Recommended Disposition

Because Plaintiff's action fails to state a claim upon which relief may be granted, I recommend that his complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   September 16, 2008         /s/  Joseph G. Scoville
                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).